GRAND DISTRICT LODGE OF DISTRICT No. 41 OF THE GRAND UNITED ORDER OF ODD FELLOWS IN AMERICA ET AL., Plaintiffs and Appellants, *v.* VÍCTOR ROJAS LODGE, INC., Defendant and Appellee.

No. 6580.   Argued April 4, 1935.—Decided May 27, 1935.

*Pascasio Fajardo Martínez* for appellants. *M. Susoni & Lens* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The Grand District Lodge of District No. 41 of the Grand United Order of Odd Fellows in America, domiciled in San Juan, and Víctor Rojas Lodge No. 9728, affiliated with said order and domiciled in Arecibo, brought an action in the district court against Víctor Rojas Lodge, Inc., also domiciled in Arecibo, praying for a judgment against the defendant, adjudging it to deliver to the plaintiff Víctor Rojas Lodge No. 9728 the building and property described in the complaint, together with the furniture, fittings, and fixtures of the temple therein installed, the books, documents and any other property, whether money or chattels, belonging to said plaintiff on September 10, 1930, and which might have been collected thereafter as rent or otherwise by the defendant claiming to be the successor of the plaintiff, and declaring void the transfer made by the defendant of the said property belonging to the plaintiff and its registration in the registry, and void also, in so far as it implied a transfer to the defendant of the property in question, the mortgage thereon constituted on August 5, 1930, before Notary Susoni, and requiring the defendant within ten days to render to the plaintiff an accounting of the bearer promissory notes connected with such mortgage, and to return the same or the amount thereof.

In demanding that judgment, plaintiffs based themselves on substantially the following facts:

The plaintiff first named, District Lodge No. 41, is the directive body in this island with jurisdiction over all Odd Fellow lodges in Puerto Rico affiliated with the order through its executive committee in Philadelphia, Pennsylvania; an order which is an association constituted for the mutual social aid and spiritual progress of its members and which holds properties for the celebration of its rites and the carrying out of its benevolent work. The second plaintiff is a local lodge domiciled in Arecibo, affiliated with the order since May 8, 1916, on which date it received a letter of dispensation, and having its own regulations, of which article 1 provides:

"Art. 1.—This lodge shall bear the name 'Víctor Rojas,' and shall have its res'dence in Arecibo, being affiliated with the 'Grand United Order of Odd Fellows in America,' of which the general registry shows that its number is 9728, and submitting itself to the provisions of the Grand District Lodge of District No. 41, under the direction of the Executive Sub-Committee of the order."

On December 9, 1925, the plaintiff Víctor Rojas Lodge No. 9728 purchased from Luisa Moreno a strip of land located on Cervantes Street in Arecibo, and on March 15, 1926, it rented from the municipality a lot adjoining the strip, and erecting upon both parcels a building to serve as a temple

At a meeting held on September 10, 1930, Rufino Serrano, who was acting temporarily as Grand Noble of the said plaintiff lodge, Rigoberto Campudonis, Secretary thereof, and other members declared themselves free and independent of the plaintiff Grand Lodge of District No. 41 and of the Executive Committee in Philadelphia for the reasons which they set forth, and agreed to form another lodge with the same name, Víctor Rojas, which they incorporated under the provisions of the Act providing for associations not for pecuniary purposes, registering the same with the Executive Secretary of Puerto Rico. The lodge so incorporated is the defendant in this suit.

Certain members of the lodge who paid dues were not notified of the meeting held on September 10, 1930, and some members who attended refused to consent to the separation, notwithstanding which the resolution appears to have been adopted unanimously.

No previous notice of the intention to separate was given to the Grand District Lodge under whose jurisdiction the Arecibo lodge functioned, or to the Executive Committee in Philadelphia, and when the former was notified, after the resolution had been adopted, the same was disapproved and declared void by the district lodge, which ordered that the lodge in question should continue to function with the members who had remained loyal.

A few days before the separation, the dissenting members of the lodge, who were in control, executed a mortgage payable to bearer for $4,000, apparently upon the pretext of paying certain debts for the most part already satisfied, but with the real intention of assuring to themselves control of the property in order that they might later carry out the transfer to the new organization.

The seceding members remained in actual possession of the building, furniture, fixtures, and books, and of most of the correspondence and documents of plaintiff, which they continued to hold in spite of the order of the first plaintiff and the demands of the second. On February 5, 1931, after the defendant had been notified of an action of unlawful detainer brought by Víctor Rojas Lodge No. 9728, Vicente Vega and Rigoberto Campudonis, calling themselves Grand Noble and Secretary, respectively, of Víctor Rojas Lodge No. 9728, appeared before a notary and executed a deed in which, after setting forth the resolution taken to separate, they transferred to themselves on behalf of Víctor Rojas Lodge, Inc., the property in question, and thereafter caused the deed to be improperly recorded in the registry.

The defendant is at present withholding the said property, is hindering the second plaintiff in the collection of

its rents, and claims to be the successor thereof entitled to the enjoyment of its properties.

The defendant answered, in short, admitting the personality of the plaintiff District Lodge, but denying that of the Víctor Rojas Lodge No. 9728 after September 10, 1930, and denying as well other matter in the complaint. It maintains that at the present time the plaintiff Víctor Rojas No. 9728 does not exist, but that Víctor Rojas Lodge, Inc., exists in its stead, with full right to the properties in dispute, of which it is now in possession.

The case went to trial, and the court held that when the resolution to separate was adopted, there was no compliance with the rule of the order found in the first section of Law No. 98 of the General Statutes thereof, as follows: ''Sec. 1.—Any lodge wishing to separate from the order must advise the Executive Sub-Committee three months in advance, and shall pay all debts owing to the order, sending together with such payment its Dispensation and secret works to the Executive Sub-Committee.'' The court then said:

''If the defendant did not follow strictly the procedure provided by the rules of the order, in order that it may be considered no longer affiliated therewith, it is imperative for the court to hold and decide that such separation is void. In other words, a decis'on is unavoidable holding the defendant's secession invalid, nonexistent, and void, and defendant must be considered as still affiliated with and owing obedience to the Grand District Lodge of District No. 41 and to the Executive Sub-Committee in Philadelphia, until such time as it is validity and lawfully separated therefrom.

''It having been decided that the defendant did not comply strictly with the rules which it was obliged to follow to declare itself independent, as a result of which it must still be considered as an integral part of and subject to the jurisdiction of the Grand United Order of Odd Fellows in America, is the court then obliged to make any decision as to the properties in dispute? We think not, since the question is crystal clear; if logically and under the law the defendant has not ceased to be a part of the ·order, from which it supposed itself separated; it is obvious that it is unnecessary and even contradictory to enter any order as to the properties, since, there

having been no separation, no situation has arisen which would justify any such action. Moreover, the fact that the defendant has sought to dissolve the bonds which bound it to the Order of Odd Fellows, would not be sufficient reason to punish it by depriving it of its properties and delivering them to the newly organized lodge made up of the members who did not follow the dissenters. Since the properties acquired by the Víctor Rojas Lodge No. 9728 do not belong to the name, which is merely a convenient designation, something conventional used solely to designate the institution, but in fact belong to the juridical entity, which in the collective name of its members owns them and exercises upon them acts of ownership and control, and, it being within the power of any fraternal organization to change its name at will, we find no convincing reasons to induce the court, simply because such an act is done, to order a forfeiture.

''Property is something which follows the person, whether it be a natural or juridical person, and a mere change of name cannot carry with it the loss of properties legitimately acquired by an association.

''Once decided that the defendant, Víctor Rojas Lodge, Inc., has not in fact been separated from the Order of Odd Fellows, what is the status of the body now functioning in the city of Arecibo under the name of 'Víctor Rojas Lodge No. 9728'? In the opinion of the court, such lodge must be considered as nonexistent and without social or legal life. Why? For several very simple reasons. The first: that it has not secured a letter of dispensation from the superior body and is acting under the same license issued to the defendant, which is not transferrable and may not be used by any entity which is not the one to which it was issued. Second: because it continues to hold a name which is the exclusive property of the defendant, which until such time as it carries out its secession in due legal form, is the absolute owner of the name 'Víctor Rojas Lodge No. 9728.' Third: because there cannot exist, at the same time, two bodies with only one constituting license, and both being one, the pretended successor does not exist. There are other reasons which we will pass over in order not to unduly extend this opinion.

''The director lodge, in Puerto Rico, of the Order of Odd Fellow must act in accordance with the circumstances as they exist, and must take the necessary steps to secure the cancellation of the defendant's incorporation in the office of the Executive Secretary of Puerto Rico.

''For the reasons stated, this court is of the opinion that in this case a judgment must be entered sustaining the complaint, and, con-

sequently, holding invalid, nonexistent, and void the separation of the defendant, Víctor Rojas Lodge, Inc., from affiliation with and obedience to the Grand District Lodge of District No. 41 of Puerto Rico and the Executive Sub-Committee in Philadelphia of the Grand United Order of Odd Fellows in America; and, by virtue of this judgment, the aforesaid Víctor Rojas Lodge, Inc., must be considered as still affiliated with, subject to the jurisdiction of, and owing obedience to the Grand District Lodge of District No. 41 of Puerto Rico and to the Executive Sub-Committee in Philadelphia of the Grand United Order of Odd Fellows in America, until such time as such separation and secession is carried out in a valid and lawful manner. All without special imposition of costs."

A judgment was entered accordingly on April 13, 1933, and both parties appealed therefrom. Defendant's appeal seems to have been abandoned. Plaintiffs have limited their appeal as follows:

"The instant appeal is taken accepting and assenting to the aforesaid judgment in so far as the same sustains the complaint upon the point of the nullity of the procedure followed by the dissenting members for failure to comply with the by-laws of the order at the time of the secession, appellants reserving the right to raise in this proceeding all those questions justifying the allegations of the complaint, the prayer thereof, in accordance with the facts proved supporting the same, and by reason of which the judgment appealed from is inconsistent, as well as every error appearing from the transcript of the evidence to be opportunely approved."

The appeal having been perfected, only the appellants filed a brief or appeared at the hearing of the appeal.

██ Although the question is not strictly involved, we may say that the evidence in fact shows that the secession was carried out without compliance with the by-laws of the order, and shows moreover—testimony of Norman E. Parkhurst, Grand Secretary of District Lodge No. 41, and of José Gotay Almedina, former Grand Secretary thereof, various documents, and the testimony of Alejo Pérez, Primitivo Barrios, Pantaleón Rosario, Pedro Martínez, Francisco

Correa, José Mayol, José Urbinas, Carmelo Pérez, Rosendo Vázquez, and José Dolores Díaz—that the Víctor Rojas Lodge No. 9728 continued to function in Arecibo with several of its old members and other new ones, recognized as such by the central bodies of the order, and in view of this fact, the second part of the opinion and judgment of the district court is inconsistent with the first.

In our opinion, once the separation has been held to be void and consequently ineffective, that which remains with a right to enjoy the properties is not the newly created lodge, the defendant, but the original lodge, the plaintiff. This is self-evident. It is by returning to it that the members who separated from it unlawfully may continue their membership in the order and continue to enjoy its properties, and not by separately incorporating as the district court held.

The judgment appealed from must, therefore, be reversed in so far as it is inconsistent herewith, and substituted by a judgment granting the prayer of the complaint, with costs against the defendant.